UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

ERICK WALLACE,                           :

                    Plaintiff,     :     14 Civ. 6522 (PAC)(HBP)

      -against-                    :     OPINION
                                         AND ORDER
                                   :
WARDEN OF M.D.C., et al.,
                                   :
                    Defendants.
                                   :
-----------------------------------X


            PITMAN, United States Magistrate Judge:


I.    Introduction


            By notice of motion dated April 27, 2016 (Docket Item

("D.I.") 73), plaintiff Erick Wallace moves for leave to file an

amended complaint to add Captain Elizabeth Castro and Captain

Willie Perry as defendants, as well as to add new claims and to

provide additional details with respect to the existing claims

asserted against Officer John Lin and the City of New York (the

"City").  For the reasons set forth below, the motion is denied

to the extent plaintiff seeks to add Castro and Perry as defen-

dants and is granted in all other respects.

II.   Facts

Plaintiff, proceeding pro se, brought an action against the New York City Department of Correction (the "DOC"), the Warden of the Manhattan Detention Complex (the "MDC"), Lin, one Jane Doe captain, and several John Doe correction officers, alleging violations of his First, Fourth, Eighth and Fourteenth Amendment rights (Complaint, dated July 12, 2014 (D.I. 1) ("Compl.")).  Plaintiff alleged that Lin used excessive force on him in an intake area of the MDC on March 30, 2013 (Compl., at 2-3, 5).  Plaintiff further alleged that he was held down by other officers during this assault and that other officers who observed the incident subsequently denied seeing any assault (Compl., at 3, 5).  Moreover, plaintiff alleged that as a result of filing a grievance about the incident, he was "sent to the Box" (Compl., at 4).  Plaintiff attached to his Complaint an Injury to Inmate Report and a Report and Notice of Infraction that charged him with disciplinary infractions in connection with the incident (Compl., at 8-9).

On September 9, 2014, the Honorable Paul A. Crotty, United States District Judge, ordered that the City of New York be substituted as a defendant for DOC because DOC is not a suable entity.  See Johnson v. Dobry, No. 15-3434-cv, 2016 WL 4821019 at

2

*2 (2d Cir. Sept. 12, 2016) (summary order); Echevarria v. Department of Corr. Servs., 48 F. Supp. 2d 388, 391 (S.D.N.Y. 1999) (Sprizzo, D.J.).  Thereafter, on August 20, 2015, I granted an application by plaintiff for the appointment of pro bono counsel for discovery only (D.I. 28).

In the proposed amended complaint, plaintiff alleges that he complained to a captain about Lin's use of excessive force, and afterwards a false "Report and Notice of Infraction" was filed against him based on Lin's version of events (Memorandum of Law in Support of Plaintiff's Motion for Leave to File a First Amended Complaint, dated Apr. 27, 2016 (D.I. 74) ("Pl.'s Mem."), Ex. 1 ¶¶ 23-29).  Castro allegedly conducted a "hasty and incomplete investigation" of the events and allegedly found that the charges were warranted; thereafter, Perry conducted an allegedly flawed disciplinary hearing, after which he sentenced plaintiff to sixty days in punitive segregation (Pl.'s Mem., Ex. 1 ¶¶ 30-36).  Plaintiff specifically alleges that he was a pre-trial detainee at the time of these events (Pl.'s Mem., Ex. 1 ¶ 7).

Thus, the proposed amended complaint asserts the following claims, all pursuant to 42 U.S.C. § 1983:  (1) against Castro, Perry and Lin for violations of plaintiff's right under the Fourteenth Amendment to due process and a fair hearing; (2)

against Castro, Perry and Lin for violations of plaintiff's right under the Fourteenth Amendment to be free from punishment on the basis of a false report, which was filed in retaliation for plaintiff exercising his rights to seek redress for grievances from a government official and which led to an inadequate investigation and hearing; (3) against Lin for violations of plaintiff's right under the Fourteenth Amendment to be free from excessive force; (4) against Lin for violations of plaintiff's rights under the First and Fourteenth Amendments to be free from retaliation for exercising his rights to seek redress for grievances from a government official, and (5) against the City for violations of plaintiff's rights under the First and Fourteenth Amendments on the theory that the City maintained an unconstitutional "policy, pattern, custom, or practice of DOC staff using excessive force, covering up uses of force, falsely charging inmates with disciplinary infractions in retaliation for reporting uses of force, failing to adequately investigate uses of force, subjecting inmates to unreliable adjudication hearings, and punishing them with punitive segregation" (Pl.'s Mem., Ex. 1 ¶¶ 46-80).

III.  <u>Analysis</u>

  A.  <u>Applicable Standard</u>

       The standards applicable to a motion to amend a plead-
ing are well settled and require only brief review.  Leave to
amend a pleading should be freely granted when justice so re-
quires.  Fed.R.Civ.P. 15(a); <u>Foman v. Davis</u>, 371 U.S. 178, 182
(1962); <u>Medina v. Tremor Video, Inc.</u>, 640 F. App'x 45, 47 (2d
Cir. 2016) (summary order); <u>Loreley Fin. (Jersey) No. 3 Ltd. v.
Wells Fargo Sec., LLC</u>, 797 F.3d 160, 190 (2d Cir. 2015); <u>Dluhos
v. Floating & Abandoned Vessel, Known as "New York"</u>, 162 F.3d 63,
69 (2d Cir. 1998); <u>Satchell v. Dilworth</u>, 745 F.2d 781, 785 (2d
Cir. 1984) (a <u>pro</u> <u>se</u> litigant in particular "should be afforded
every reasonable opportunity to demonstrate that he has a valid
claim"); <u>Gumer v. Shearson, Hammill & Co.</u>, 516 F.2d 283, 287 (2d
Cir. 1974).  This "permissive standard . . . is consistent with
[the] strong preference for resolving disputes on the merits."
<u>Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC</u>, <u>supra</u>,
797 F.3d at 190 (internal quotation marks omitted).  "[M]otions
to amend should generally be denied in instances of futility,
undue delay, bad faith or dilatory motive, repeated failure to
cure deficiencies by amendments previously allowed, or undue
prejudice to the non-moving party."  <u>Burch v. Pioneer Credit</u>

Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008) (per curiam),

citing Foman v. Davis, supra, 371 U.S. at 182; accord American

Home Assurance Co. v. Jacky Maeder (Hong Kong) Ltd., 969 F. Supp.

184, 187-88 (S.D.N.Y. 1997) (Kaplan, D.J.); see also Lee v. Regal

Cruises, Ltd., 916 F. Supp. 300, 303 (S.D.N.Y. 1996) (Kaplan,

D.J.), aff'd, 116 F.3d 465 (2d Cir. 1997) (summary order), citing

Foman v. Davis, supra, 371 U.S. at 182.

A proposed amended complaint is futile when it fails to

state a claim. AEP Energy Servs. Gas Holding Co. v. Bank of Am.,

N.A., 626 F.3d 699, 726 (2d Cir. 2010); Health-Chem Corp. v.

Baker, 915 F.2d 805, 810 (2d Cir. 1990); Mina Inv. Holdings Ltd.

v. Lefkowitz, 184 F.R.D. 245, 257 (S.D.N.Y. 1999) (Sweet, D.J.);

Parker v. Sony Pictures Entm't, Inc., 19 F. Supp. 2d 141, 156

(S.D.N.Y. 1998) (Kaplan, D.J.), aff'd in pertinent part, vacated

in part on other grounds sub nom., Parker v. Columbia Pictures

Indus., 204 F.3d 326 (2d Cir. 2000); Yaba v. Cadwalader,

Wickersham & Taft, 931 F. Supp. 271, 274 (S.D.N.Y. 1996) (Koeltl,

D.J.); Prudential Ins. Co. of Am. v. BMC Indus., Inc., 655 F.

Supp. 710, 711 (S.D.N.Y. 1987) (Sweet, D.J.). See generally

Dluhos v. Floating & Abandoned Vessel, Known as "New York",

supra, 162 F.3d at 69-70. The party opposing the amendment has

the burden of demonstrating that leave to amend would be futile.

Staskowski v. County of Nassau, No. 05-CV-5984 (SJF)(WDW), 2007

WL 4198341 at *4 (E.D.N.Y. Nov. 21, 2007); <u>Lugosch v. Congel</u>, No. 00-CV-784, 2002 WL 1001003 at *1 (N.D.N.Y. May 14, 2002), <u>citing</u> <u>Blaskiewicz v. County of Suffolk</u>, 29 F. Supp. 2d 134, 137-38 (E.D.N.Y. 1998).

   Leave to amend may be denied as futile "where the claim or defense proposed to be added has no colorable merit." <u>Oliver v. DeMarinis & Co.</u>, 90 Civ. 7950 (SS), 1993 WL 33421 at *2 (S.D.N.Y. Jan. 29, 1993) (Lee, M.J.) (internal quotation marks omitted); <u>see Allison v. Clos-ette Too, L.L.C.</u>, 14 Civ. 1618 (LAK)(JCF), 2015 WL 136102 at *2 (S.D.N.Y. Jan. 9, 2015) (Francis, M.J.); <u>Children First Found., Inc. v. Martinez</u>, No. 1:04-CV-927 (NPM), 2007 WL 4618524 at *5 (N.D.N.Y. Dec. 27, 2007) ("[I]f the movant has colorable grounds to support its claim or defense, justice requires that leave to amend be granted.").  The "'colorable grounds' requirement mandates that a district court may not deny a motion for leave to amend a pleading when said pleading is sufficient to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." <u>Children First Found., Inc. v. Martinez</u>, <u>supra</u>, 2007 WL 4618524 at *5, <u>citing</u> <u>Kassner v. 2nd Ave. Delicatessen, Inc.</u>, 496 F.3d 229, 244 (2d Cir. 2007); <u>Estate of Ratcliffe v. Pradera Realty Co.</u>, 05 Civ. 10272 (JFK), 2007 WL 3084977 at *4 (S.D.N.Y. Oct. 19, 2007) (Keenan, D.J.); <u>Journal Publ'g Co. v. American Home Assurance</u>

Co., 771 F. Supp. 632, 635 (S.D.N.Y. 1991) (Leisure, D.J.);

Prudential Ins. Co. of Am. v. BMC Indus., Inc., supra, 655 F.

Supp. at 711 (although leave to amend should be freely given, "it

is inappropriate to grant leave when the amendment would not

survive a motion to dismiss").

Therefore, an amendment to a complaint may be denied as

futile if a defendant can show that there is no "set of facts

consistent with the allegations in the complaint" which would

entitle the plaintiff to relief. Bell Atlantic Corp. v. Twombly,

550 U.S. 544, 563 (2007). To survive a motion to amend, the

plaintiff's "[f]actual allegations must be enough to raise a

right to relief above the speculative level on the assumption

that all of the allegations in the complaint are true." Bell

Atlantic Corp. v. Twombly, supra, 550 U.S. at 555.

Moreover, it is well settled that a court's review of

the viability of a proposed amended complaint is generally

limited to the "four corners of [the] complaint." See Pani v.

Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998);

Arnold v. Research Found. for State Univ. of N.Y., No. 15-cv-5971

(ADS)(SIL), 2016 WL 6126314 at *5 (E.D.N.Y. Oct. 20, 2016);

Joinnides v. Floral Park-Bellerose Union Sch. Dist., No. CV 12-

5682 (JS)(AKT), 2015 WL 1476422 at *15 (E.D.N.Y. Mar. 31, 2015).

A court can, however, consider exhibits annexed to or incorpo-

8

rated by reference in the complaint.  See, e.g., L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 422 (2d Cir. 2011); Arnold v. Research Found. for State Univ. of N.Y., supra, 2016 WL 6126314 at *5.

The Court of Appeals has also repeatedly noted that the trial court has "broad" discretion in ruling on a motion to amend.  Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel, 145 F.3d 85, 89 (2d Cir. 1998); Krumme v. West-Point Stevens Inc., 143 F.3d 71, 88 (2d Cir. 1998).  See generally Grace v. Rosenstock, 228 F.3d 40, 53-54 (2d Cir. 2000).

To the extent a proposed amendment would add new parties, the motion is technically governed by Rule 21, which provides that "the court may at any time, on just terms, add or drop a party."  Fed.R.Civ.P. 21; Otegbade v. New York City Admin. for Children Servs., 12 Civ. 6298 (KPF), 2015 WL 851631 at *2 (S.D.N.Y. Feb. 27, 2015) (Failla, D.J.); FTD Corp. v. Banker's Tr. Co., 954 F. Supp. 106, 109 (S.D.N.Y. 1997) (Stein, D.J.).  However, "the same standard of liberality" applies under Rule 21.  Otegbade v. New York City Admin. for Children Servs., supra, 2015 WL 851631 at *2; FTD Corp. v. Banker's Tr. Co., supra, 954 F. Supp. at 109, citing Expoconsul Int'l, Inc. v. A/E Sys., Inc., 145 F.R.D. 336, 337 n.4 (S.D.N.Y. 1993) (Preska, D.J.) and Fair Hous. Dev. Fund Corp. v. Burke, 55 F.R.D. 414, 419 (E.D.N.Y.

9

1972); see <u>Sly Magazine, LLC v. Weider Publ'ns L.L.C.</u>, 241 F.R.D.
527, 532 (S.D.N.Y. 2007) (Casey, D.J.); <u>Chowdhury v. Haveli
Rest., Inc.</u>, 04 Civ. 8627 (RMB)(JCF), 2005 WL 1037416 at *1
(S.D.N.Y. May 3, 2005) (Francis, M.J.).

    B.   <u>Application of the Foregoing Principles</u>

        Defendants do not oppose plaintiff's motion to the
extent it seeks to amend the complaint to add details concerning
the excessive force claim against Lin.  Thus, to the extent the
proposed amended complaint seeks this relief, the motion is
granted.  The defendants do oppose the remaining aspects of the
proposed amended complaint as futile.

     1.  <u>Claims Against Castro and Perry</u>

        Castro and Perry oppose the motion to add them as
defendants on the grounds that the claims against them are barred
by the statute of limitations and the claims do not relate back
to the date of the original Complaint (Memorandum of Law in
Opposition to Plaintiff's Motion for Leave to File an Amended
Complaint, dated May 11, 2016 (D.I. 82) ("City's Mem."), at 3-
13).

a.   <u>Statute of Limitations</u>

While a statute-of-limitations defense is usually not
addressed in assessing the viability of a proposed amended
complaint, "an exception is made where the complaint <u>facially</u>
shows noncompliance with the limitations period."  <u>In re S.</u>
<u>African Apartheid Litig.</u>, 617 F. Supp. 2d 228, 287 (S.D.N.Y.
2009) (Scheindlin, D.J.) (internal quotation marks omitted)
(emphasis in original).  The statute of limitations for actions
brought pursuant to Section 1983 is the statute of limitations
applicable to personal injury actions in the state in which the
federal court sits.  <u>Dory v. Ryan</u>, 999 F.2d 679, 681 (2d Cir.
1993), <u>modified</u>, 25 F.3d 81 (2d Cir. 1994).  In New York, the
statute of limitations applicable to Section 1983 actions is
three years.  <u>Ormiston v. Nelson</u>, 117 F.3d 69, 71 (2d Cir. 1997),
<u>citing</u> <u>Owens v. Okure</u>, 488 U.S. 235, 251 (1989); <u>Dory v. Ryan</u>,
<u>supra</u>, 999 F.2d at 681.

However, federal law controls the date on which a
Section 1983 claim accrues, and a Section 1983 claim accrues
"when the plaintiff knows or has reason to know of the injury
which is the basis of his action."  <u>Pearl v. City of Long Beach</u>,
296 F.3d 76, 80 (2d Cir. 2002) (internal quotation marks omit-
ted); <u>Ormiston v. Nelson</u>, <u>supra</u>, 117 F.3d at 71 (internal quota-

11

tion marks omitted).  In other words, "the claim accrues when the alleged conduct has caused the claimant harm and the claimant knows or has reason to know of the allegedly impermissible conduct and the resulting harm."  Veal v. Geraci, 23 F.3d 722, 724 (2d Cir. 1994).

The parties dispute when plaintiff's claims against Castro and Perry accrued.  While Castro and Perry argue that the claims accrued on April 10, 2013, when plaintiff was found guilty of an infraction at a disciplinary hearing (City's Mem., at 4), plaintiff argues that the claims accrued in January 2016, when the City first produced discovery to plaintiff (Reply in Support of Plaintiff's Motion for Leave to File a First Amended Complaint, dated May 18, 2016 (D.I. 83) ("Reply Mem."), at 2). According to plaintiff, he could not have known about the impermissible conduct that forms the basis of his claims against Castro and Perry before then (Reply Mem., at 2).

Plaintiff's claims accrued on April 10, 2013, which plaintiff has alleged was the date on which his hearing concluded (Pl.'s Mem., Ex. 1 ¶ 34).  Due process claims stemming from inmate disciplinary hearings accrue on the last hearing date or the date on which any resulting report was issued.  Davis v. Jackson, 15 Civ. 5359 (KMK), 2016 WL 5720811 at *6-*7 (S.D.N.Y. Sept. 30, 2016) (Karas, D.J.) (also noting that some courts hold

that claim accrues at date final administrative appeal decided);
Williams v. Roberts, No. 9:11-CV-29 (GTS/RFT), 2011 WL 7468636 at
*5 (N.D.N.Y. Dec. 15, 2011) (Report & Recommendation), adopted
by, 2012 WL 760777 (N.D.N.Y. Mar. 7, 2012); Lenihan v. Keane, 93
Civ. 8914 (MGC), 1995 WL 28513 at *2 (S.D.N.Y. Jan. 25, 1995)
(Cedarbaum, D.J.); McCoy v. Coughlin, 90 Civ. 6657 (JSM), 1991 WL
130939 at *3 n.8 (S.D.N.Y. July 10, 1991) (Martin, D.J.); Garay
v. Jones, 85 Civ. 6258 (JFK), 1988 WL 64883 at *1 (S.D.N.Y. June
13, 1988) (Keenan, D.J.); cf. Jenkins v. Haubert, 179 F.3d 19, 28
(2d Cir. 1999) (where prisoner's punishment did not affect the
"fact or length" of overall confinement, case law holding that
claim does not accrue until disciplinary ruling reversed inappli-
cable).  As the Honorable John S. Martin, United States District
Judge, retired, explained:

> [T]he plaintiff cannot simply challenge a hearing
> officer's determination as incorrect but must allege
> that . . . some aspect of the disciplinary proceeding
> did not comport with the requisites of procedural due
> process.  If this in fact occurred, plaintiff would
> have known about the deprivation by the last hearing
> date or, at the latest, by the date when the disciplin-
> ary report was rendered.

McCoy v. Coughlin, supra, 1991 WL 130939 at *3 n.8.

Here, like McCoy, plaintiff alleges "that a false
misbehavior report was filed against him [and] that the hearing
officer's determination was incorrect."  McCoy v. Coughlin,

13

supra, 1991 WL 130939 at *1.  Moreover, like <u>Davis</u>, plaintiff
alleges that there was an incomplete investigation and that he
was denied access to witnesses and evidence at his hearing.
<u>Davis v. Jackson</u>, <u>supra</u>, 2016 WL 5720811 at *2.  Therefore, like
<u>McCoy</u> and <u>Davis</u>, plaintiff was harmed and would have known of the
allegedly impermissible conduct and the resulting harm on April
10, 2016, when the hearing in issue concluded and plaintiff
learned of the results.  Because plaintiff filed the pending
motion on April 27, 2016, the proposed claims against Castro and
Perry are untimely unless the proposed amendments relate back to
the date of the original Complaint.

      Plaintiff argues that the statute of limitations should
be equitably tolled.[1]  "Equitable tolling allows courts to extend
the statute of limitations beyond the time of expiration as
necessary to avoid inequitable circumstances."  <u>Johnson v. Nyack
Hosp.</u>, <u>supra</u>, 86 F.3d at 12, <u>citing</u> <u>Bowers v. Transportacion
Maritima Mexicana, S.A.</u>, 901 F.2d 258, 264 (2d Cir. 1990).  It is

_____

      [1]Because the statute of limitations applicable to Section
1983 claims is borrowed from state law, its tolling is ordinarily
governed by state law.  <u>Moses v. Westchester Cty. Dep't of Corr.</u>,
951 F. Supp. 2d 448, 454 (S.D.N.Y. 2013) (Daniels, D.J.), <u>citing</u>
<u>Wallace v. Kato</u>, 549 U.S. 384, 394-95 (2007).  Courts may,
however, apply the federal equitable tolling standard "as a
matter of fairness."  <u>Johnson v. Nyack Hosp.</u>, 86 F.3d 8, 12 (2d
Cir. 1996) (internal quotation marks omitted); <u>see</u> <u>Walker v.
Jastremski</u>, 430 F.3d 560, 564 (2d Cir. 2005) (applying federal
tolling standards to Section 1983 action).

available "only in rare and exceptional circumstances."  Walker
v. Jastremski, supra, 430 F.3d at 564 (internal quotation marks
omitted).  "Generally, a litigant seeking equitable tolling bears
the burden of establishing two elements:  (1) that he has been
pursuing his rights diligently, and (2) that some extraordinary
circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S.
408, 418 (2005); see Torres v. Barnhart, 417 F.3d 276, 279 (2d
Cir. 2005); Valverde v. Stinson, 224 F.3d 129, 133-34 (2d Cir.
2000).  The party attempting to invoke an equitable toll bears
the burden of proving that such a toll is appropriate.  Boos v.
Runyon, 201 F.3d 178, 185 (2d Cir. 2000).

          Plaintiff argues that the statute of limitations should
be equitably tolled because the City "insisted on a lengthy stay
of the case, and then further dragged out the discovery process
until January of this year," which prevented plaintiff from
"learning the facts necessary to particularly allege Castro's and
Perry's misconduct" (Reply Mem., at 3-4).  However, this argument
ignores the undeniable fact that plaintiff was aware of the
wrongdoing underlying his proposed claims against Castro and
Perry as soon as he was found guilty at the hearing.  See supra
Section III.B.1.a.  "[Plaintiff] confuses the distinction
between . . . concealment of the existence of a cause of action
and . . . concealment of facts that, if known, would enhance a

plaintiff's ability to prevail as to a cause of action of which the plaintiff was previously aware." Weinstein v. City of New York, 622 F. App'x 45, 46 (2d Cir. 2015) (summary order) (internal quotation marks omitted); see Pearl v. City of Long Beach, supra, 296 F.3d at 84; Paige v. Police Dep't of City of Schenectady, 264 F.3d 197, 199-200 (2d Cir. 2001) (per curiam). Therefore, plaintiff's excuse for his delay "does not constitute an exceptional circumstance warranting tolling." Weinstein v. City of New York, supra, 622 F. App'x at 46.

        b.  Relation Back

      A motion to amend seeking to assert an otherwise time-barred claim may be granted if the proposed amendment "relates back" to the date the plaintiff filed the original complaint. Fed.R.Civ.P. 15(c)(1). An amended complaint that names additional defendants will relate back to the date of the original complaint if: (1) the new claim arises "out of the conduct, transaction, or occurrence set out . . . in the original pleading"; (2) within the time for serving the original pleading under Rule 4(m), the new parties "received such notice of the action that [they] will not be prejudiced in defending on the merits"; and (3) within the time for serving the original pleading under Rule 4(m), the new parties "knew or should have known that the

16

action would have been brought against [them], but for a mistake concerning the proper part[ies'] identit[ies]."  Fed.R.Civ.P. 15(c)(1)(C); see VKK Corp. v. National Football League, 244 F.3d 114, 128 (2d Cir. 2001); Soto v. Brooklyn Corr. Facility, 80 F.3d 34, 35 (2d Cir. 1996); Bayerische Landesbank v. Aladdin Capital Mgmt. LLC, 289 F.R.D. 401, 405 (S.D.N.Y. 2013) (Cote, D.J.). "The 'period provided by Rule 4(m)' is 120 days after the filing of the complaint."  Ish Yerushalayim v. United States, 374 F.3d 89, 91 (2d Cir. 2004) (per curiam); see Fed.R.Civ.P. 4(m).[2]

     First, the proposed claims against Castro and Perry do not arise out of the same conduct, transaction or occurrence set out in the original Complaint.  Taking the original Complaint as a whole, even viewing it in light of both the "liberal relation back policy" and the "rule that pro se complaints must be liber- ally construed," Villante v. Department of Corr., 786 F.2d 516, 520 (2d Cir. 1986) (citations omitted), the only event described in the original Complaint is Lin's use of force.  For example, the original Complaint alleges that the event giving rise to the action occurred in the intake area, listed the exact date and

---

     [2]A December 1, 2015 amendment to the Federal Rules of Civil Procedure changed the Rule 4(m) period from 120 days to 90 days. However, because plaintiff filed his Complaint on July 12, 2014, see Tapia-Ortiz v. Doe, 171 F.3d 150, 152 (2d Cir. 1999) (pro se prisoner's complaint deemed filed when delivered to prison officials), the 120-day period applies here.

time of the event and described the force Lin used (Compl., at 2-3, 5).  The proposed amended complaint, on the other hand, asserts claims against new people, Castro and Perry, and asserts entirely new factual allegations, namely that Castro inadequately investigated a false report that was filed in retaliation for plaintiff's complaint about Lin's use of excessive force, Castro recommended charges on the basis of this inadequate investigation and Perry held a flawed hearing in which he sentenced plaintiff to sixty days in punitive segregation.  Although the original Complaint stated that plaintiff "was sent to the Box" as a result of filing a grievance, and plaintiff attached the Report and Notice of Infraction to the original Complaint, nowhere does the original Complaint mention anything about a false report, a flawed investigation and hearing or the length of plaintiff's stay in punitive segregation.  In short, the operative facts set forth in the proposed amended complaint are entirely different from the operative facts alleged in the original Complaint.

Nash v. Kressman, 11 Civ. 7327 (LTS)(RLE), 2013 WL 6197087 (S.D.N.Y. Nov. 27, 2013) (Swain, D.J.) involved similar issues.  In that case, the pro se plaintiff's original complaint alleged a specific incident in which excessive force was used; the proposed amended complaint sought to add a claim based on allegations that defendants wrote fraudulent reports about that

incident and/or failed to intervene when they saw those reports, and that those reports led to the plaintiff's wrongful confinement in the special housing unit. Nash v. Kressman, supra, 2013 WL 6197087 at *6-*7. The Honorable Laura Taylor Swain, United States District Judge, rejected the proposed amended complaint as untimely, finding that because "[t]he original complaint [did] not contain any allegations regarding fake reports or wrongful excessive confinement," the claim did not relate back. Nash v. Kressman, supra, 2013 WL 6197087 at *7.

Second, even if the new claims arose from the same conduct, transaction or occurrence as alleged in the original Complaint, Castro and Perry did not receive notice of the action within the 120-day period for service. As the Supreme Court succinctly put it, "[t]he linchpin [of Rule 15(c)] is notice, and notice within the limitations period." Schiavone v. Fortune, 477 U.S. 21, 31 (1986). Here, the original Complaint was filed on July 12, 2014. Accordingly, in order for the proposed amended complaint to relate back, Castro and Perry would have had to have received notice of this action before November 10, 2014. There is no evidence that Castro or Perry received personal notice of this action before November 10, 2014, as they had not yet been identified by plaintiff by that date.

Plaintiff, however, argues that New York City Corpora-
tion Counsel was put on notice of this action when it would have
reviewed its investigation files after plaintiff filed his
original Complaint (Reply Mem., at 5).  "[T]he court may impute
knowledge of a lawsuit to a new defendant government official
through his attorney, when the attorney also represented the
officials originally sued, so long as there is 'some showing that
the attorney(s) knew that the additional defendants would be
added to the existing suit.'"  Rodriquez v. City of New York, 10
Civ. 1849 (PKC), 2011 WL 4344057 at *7 (S.D.N.Y. Sept. 7, 2011)
(Castel, D.J.), quoting Gleason v. McBride, 869 F.2d 688, 693 (2d
Cir. 1989).  The constructive notice doctrine is based on the
theory that the newly added defendant is not prejudiced by the
lack of notice if his attorney has already begun preparing a
defense for the named defendant during the limitations period.
See Ramos v. City of Philadelphia, No. Civ.A. 01-5072, 2002 WL
32348790 at *4 (E.D. Pa. Sept. 13, 2002).

The constructive notice doctrine does not apply here.
Although Castro and Perry are represented by the same attorneys
as the City of New York -- New York City's Corporation Counsel --
there is no showing that the attorneys knew or even had reason to
know that Castro and Perry would be added to the action.  Lin was
the only named individual defendant in the original Complaint,

20

and, as explained above, the claims focused exclusively on Lin's
use of excessive force.  Thus, while Castro's name appears on the
Report and Notice of Infraction attached to the original Com-
plaint (Compl., at 9), Castro's and Perry's names may have come
up during discovery and they were the subject of notices of
deposition (City's Mem., at 7), Corporation Counsel had no way of
knowing that they would be named as parties.  Instead, Corpora-
tion Counsel may have reasonably thought that plaintiff would
seek discovery from Castro and Perry regarding the incident.

 Third, there has been no showing that Castro and Perry
knew or should have known that the action would have been brought
against them but for a mistake concerning the proper parties'
identities.  "Where a plaintiff has not mistakenly sued the wrong
party, a court need not consider what a defendant knows and when
the defendant knew it; the threshold requirement for Rule
15(c)(1)(C) -- a 'mistake concerning the proper party's identity'
-- has not been met."  In re Vitamin C Antitrust Litig., 995 F.
Supp. 2d 125, 130-31 (E.D.N.Y. 2014).  "Courts in this Circuit
have held relation back is only permitted where plaintiff named
the wrong party in the original complaint, and not where plain-
tiff named one but not all of the right defendants."  Pikos v.
Liberty Maint., Inc., No. 09-CV-4031 (WFK)(RER), 2015 WL 6830670
at *3 (E.D.N.Y. Nov. 6, 2015) (proposed claims did not relate

back where plaintiff "attempt[ed] to add . . . additional parties
while maintaining" the original defendant); see Hogan v. Fischer,
738 F.3d 509, 517-18 (2d Cir. 2013); Hahn v. Office & Prof'l
Emps. Int'l Union, 107 F. Supp. 3d 379, 384-86 (S.D.N.Y. 2015)
(Koeltl, D.J.) (finding no mistake where "[t]he plaintiff has
sued [what he believes is] the right defendant, and simply
neglected to sue another defendant who might also be liable"
(alteration in original) (internal quotations marks omitted));
Turner v. Nicoletti, No. 12-1855, 2013 WL 3989071 at *3 (W.D. Pa.
Aug. 2, 2013) (plaintiff did not make mistake where plaintiff
"sued additional parties for additional and different reasons"
(emphasis in original)).

        Plaintiff does not claim that he made a mistake con-
cerning the proper parties' identities.  Rather, plaintiff argues
that mistake does not need to be shown "'where the defendants
withheld identifying information or unreasonably delayed in
producing such information'" (Reply Mem., at 6, citing Morales v.
County of Suffolk, 952 F. Supp. 2d 433, 438 (E.D.N.Y. 2013),
Archibald v. City of Hartford, 274 F.R.D. 371, 378-79 (D. Conn.
2011) and Byrd v. Abate, 964 F. Supp. 140, 147 (S.D.N.Y. 1997)
(Sweet, D.J.)).  However, the cases plaintiff cites in support of
his argument are inapposite; in those cases, plaintiff attempted
to discover the identity of an unknown defendant but was pre-

22

vented from doing so by defense counsel's conduct.  Morales v. County of Suffolk, supra, 952 F. Supp. 2d at 434, 438; Archibald v. City of Hartford, supra, 274 F.R.D. at 372, 377-82; Byrd v. Abate, supra, 964 F. Supp. at 143, 145-46.  Here, in contrast, plaintiff simply neglected to add defendants who may have been liable on some ground other than the use of excessive force.

Therefore, because none of the three requirements for relation back are met,[3] plaintiff's claims against Castro and Perry are time-barred and therefore futile.  Thus, the motion to amend the complaint to add Castro and Perry as defendants is denied.

### 2.  Claims Against Lin

#### a.  Procedural Due Process

In order to state a procedural due process claim, a plaintiff must allege "(1) that he possessed a liberty interest and (2) that the defendant(s) deprived him of that interest as a result of insufficient process."  Ortiz v. McBride, 380 F.3d 649,

---

[3]Plaintiff also claims the proposed amended complaint would relate back pursuant to Fed.R.Civ.P. 15(c)(1)(A).  Because the requirements for relation back under that Rule overlap with the requirements discussed above and those requirements have already been found lacking, there is no basis for relation back under Rule 15(c)(1)(A).

654 (2d Cir. 2004), citing Giano v. Selsky, 238 F.3d 223, 225 (2d Cir. 2001).  In his proposed amended complaint, plaintiff alleges he was denied due process at his disciplinary hearing because his witnesses were not permitted to testify, nor was video evidence played, and he was not allowed to bring paperwork into the hearing (Pl.'s Mem., Ex. 1 ¶¶ 33-35).

Lin first argues that under Sandin v. Conner, 515 U.S. 472, 483-84 (1995), an inmate's liberty interest arises only when the circumstances of the punishment impose an "atypical and significant hardship" (Memorandum of Law in Opposition to Plaintiff's Motion Seeking Leave to Amend the Complaint, dated May 11, 2016 (D.I. 80) ("Lin's Mem."), at 3).  However, Sandin's limitations do not apply to pre-trial detainees such as plaintiff. Benjamin v. Fraser, 264 F.3d 175, 188-89 (2d Cir. 2001).

Lin next argues that the process afforded plaintiff was sufficient because "the plaintiff was not only afforded an opportunity to present a statement on the record but was afforded an opportunity to identify supporting witnesses" (Lin's Mem., at 4-5).  Lin further states that at the hearing, the adjudicator contacted the plaintiff's "identified witnesses" and when advised by the "other witness [sic]" that he did not see anything, provided plaintiff with the opportunity to identify more witnesses (which he could not do) (Lin's Mem., at 5).  However, the

24

law is well settled that in assessing the alleged futility of a proposed amended complaint, the Court must assume the truth of the allegations in the proposed amended complaint. <u>Panther Partners Inc. v. Ikanos Commc'ns, Inc.</u>, 681 F.3d 114, 119 (2d Cir. 2012); <u>Max Impact, LLC v. Sherwood Grp., Inc.</u>, 09 Civ. 902 (LMM)(HBP), 2012 WL 3831535 at *2 (S.D.N.Y. Aug. 16, 2012) (Pitman, M.J.); <u>Edwards v. City of New York</u>, No. 07-CV-5286 (CPS)(RML), 2009 WL 1910740 at *2 (E.D.N.Y. June 29, 2009); <u>Da Cruz v. Towmasters of N.J., Inc.</u>, 217 F.R.D. 126, 128 n.1 (E.D.N.Y. 2003); <u>Binder v. National Life of Vt.</u>, 02 Civ. 6411 (GEL), 2003 WL 21180417 at *2 (S.D.N.Y. May 20, 2003) (Lynch, then D.J., now Cir. J.); <u>Gabourel v. Bouchard Transp. Co.</u>, 901 F. Supp. 142, 144 (S.D.N.Y. 1995) (Chin, then D.J., now Cir. J.). Although Lin's arguments may provide the basis for a successful summary judgment motion, they cannot be considered in opposition to a motion to amend.

I find, therefore, that Lin has not met his burden of showing that plaintiff's procedural due process claim against him is futile. Thus, plaintiff's motion to amend the Complaint to assert this claim is granted.

      b.   Substantive Due Process and
           First Amendment Retaliation

     In his proposed amended complaint, plaintiff alleges

that after he complained about Lin's use of force to a captain,

Lin filed a false report that initiated disciplinary charges, and

after an "inadequate disciplinary hearing on an incomplete

record," plaintiff was sentenced to sixty days in punitive

segregation (Pl.'s Mem., Ex. 1 ¶¶ 23, 26-28, 33-36, 56, 72).

Based on the foregoing, plaintiff alleges both a substantive due

process claim and a retaliation claim (Pl.'s Mem., Ex. 1 ¶¶ 56,

72).

     It appears to be the law in this Circuit that a state

inmate has both a First/Fourteenth Amendment right and a substan-

tive due process right to be free from false disciplinary pro-

ceedings commenced in retaliation for the inmate's exercising his

right to petition the government.  As stated in Bordas v. Payant,

374 F. App'x 192, 194 (2d Cir. 2010) (summary order):

          To state a First Amendment retaliation claim under
     42 U.S.C. § 1983, the plaintiff must allege that:  (1)
     he has a right protected by the First Amendment; (2)
     the defendant's actions were motivated by or substan-
     tially caused by the plaintiff's exercise of that
     right; and (3) the defendant's actions effectively
     chilled the plaintiff's exercise of his rights.  See
     Connell v. Signoracci, 153 F.3d 74, 79 (2d Cir. 1998).
     Additionally, a prisoner has a substantive due process
     right, actionable under § 1983, not to be subjected to
     false misconduct charges as retaliation for his exer-

                              26

cise of a constitutional right such as petitioning the government for redress of his grievances.  See Jones v. Coughlin, 45 F.3d 677, 679-80 (2d Cir. 1995).

See also Jones v. Coughlin, supra, 45 F.3d at 679-80 ("[A] prisoner has a substantive due process right not to be subjected to false misconduct charges as retaliation for his exercise of a constitutional right such as petitioning the government for redress of his grievances, and . . . this right is distinct from [a] procedural due process claim . . . ."); Franco v. Kelly, 854 F.2d 584, 589 (2d Cir. 1988).[4]  Plaintiff's allegations plausibly state the foregoing elements.

Lin opposes the motion primarily by attacking the truthfulness of plaintiff's allegations.  For example, Lin cites his own deposition testimony for the fact that he was on vacation at the time the allegedly false charges against plaintiff were filed and could not have participated in the issuance of that

---

[4]It is unclear whether the elements of a First Amendment retaliation claim are different from a substantive due process retaliation claim.  If the elements of the two claims are identical, the recognition of a substantive due process claim seems to be in tension with the principle that "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims."  Albright v. Oliver, 510 U.S. 266, 273 (1994) (plurality opinion) (internal quotation marks omitted); accord United States v. Medunjanin, 752 F.3d 576, 590-91 (2d Cir. 2014), cert. denied sub nom., Medunjanin v. United States, 135 S. Ct. 301 (2014).

charge (Lin's Mem., at 6).  Lin also argues that a video of the altercation between plaintiff and Lin shows plaintiff attacking Lin (Lin's Mem., at 6).  However, as noted above, at this stage I must assume the truth of the allegations in the proposed amended complaint and cannot, therefore, consider these arguments.

Thus, plaintiff's motion to amend is granted to the extent plaintiff seeks to assert First Amendment and substantive due process claims against Lin based on the commencement of retaliatory disciplinary proceedings.[5]

---

[5]In support of his substantive due process claim, plaintiff also cites Turkmen v. Hasty, 789 F.3d 218, 237-38 (2d Cir. 2015), cert. granted sub nom., Hasty v. Turkmen, No. 15-1363, 2016 WL 2653797 (Oct. 11, 2016), Ashcroft v. Turkmen, No. 13-1359, 2016 WL 2653655 (Oct. 11, 2016), Ziglar v. Turkmen, No. 15-1358, 2016 WL 2626263 (Oct. 11, 2016), for the proposition that a pre-trial detainee can state a due process claim if he alleges that a defendant "(1) with punitive intent, (2) personally engaged in conduct that caused the challenged conditions of confinement."  I do not believe Turkmen has any application here.  Turkmen was brought by a number of individuals believed to be members of the Islamic faith who were arrested after the mass murders committed on September 11, 2001.  The plaintiffs were held as pre-trial detainees under allegedly draconian and abusive conditions which included solitary confinement, sleep deprivation, unjustified physical and verbal abuse, a restricted diet, extremely restricted recreation, deprivation of religious material and other reading material, deprivation of materials necessary for basic hygiene, etc.; there was no allegation in the case that any of the plaintiffs had been subjected to harsh conditions of confinement as a result of an alleged violation of institutional rules.  In other words, the plaintiffs in Turkmen were challenging their "normal" or baseline conditions of confinement, not enhanced restrictions resulting from an allegation or finding of misconduct in the institution.  To the extent plaintiff's claim here
(continued...)

3.   Monell Claim Against City

In order to assert a Monell claim, "a plaintiff is required to plead and prove three elements:  (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right."  Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir. 1983).  To establish a "policy or custom," a plaintiff can allege

> (1) a formal policy officially endorsed by the munici-
> pality; (2) actions taken by government officials
> responsible for establishing the municipal policies
> that caused the particular deprivation in question; (3)
> a practice so consistent and widespread that, although
> not expressly authorized, constitutes a custom or usage

---

[5](...continued)
relates to the conditions of his confinement, it arises out of the conditions plaintiff was subjected to as a result of the institutional disciplinary proceedings that plaintiff claims were deficient, baseless and the product of retaliatory animus.  In other words, plaintiff is complaining about the fairness of the process that resulted in his being subjected to enhanced restric-tions.

If read literally and without regard to the facts of the case, Turkmen's language that punitive intent plus personal involvement, without more, give rise to a substantive due process violation would appear to imply that pre-trial detainees are immune from any punitive institutional discipline even if such discipline were imposed for incontrovertible violations of valid institutional rules.  Such an interpretation is unreasonable on its face and cannot be what the Court of Appeals intended.

Given the difference between the context in which this case arises and the context in which Turkmen arose, I conclude that Turkmen has no application here.

29

> of which a supervising policy-maker must have been
> aware; or (4) a failure by policymakers to provide
> adequate training or supervision to subordinates to
> such an extent that it amounts to deliberate indiffer-
> ence to the rights of those who come into contact with
> the municipal employees.

Brandon v. City of New York, 705 F. Supp. 2d 261, 276-77 (S.D.N.-

Y. 2010) (Preska, D.J.) (citations omitted).

        The City argues that the proposed amended complaint

"lacks sufficient factual details" to support plaintiff's claim

of a policy or custom (City's Mem., at 20).  However, plaintiff

has alleged a policy or custom of "charg[ing] inmates with

disciplinary infractions and forward[ing] those charges for

adjudication on an incomplete record" (Pl.'s Mem., Ex. 1 ¶ 78).

Plaintiff's allegation is adequately supported by facts:

> [The City], through the DOC, maintained a written
> policy regarding the investigations of use of force
> incidents and a written policy regarding inmate disci-
> plinary charges and proceedings.  These policies do not
> provide for any coordination between investigations of
> disciplinary charges brought against inmates arising
> out of a use of force incident and investigations of
> the underlying use of force incident.

(Pl.'s Mem., Ex. 1 ¶ 78).

        Additionally, plaintiff alleges a policy of "DOC staff

using excessive force, covering up uses of force, falsely charg-

ing inmates with disciplinary infractions in retaliation for

reporting uses of force, failing to adequately investigate uses

of force, subjecting inmates to unreliable adjudication hearings,

and punishing them with punitive segregation" (Pl.'s Mem., Ex. 1 ¶ 77).  Plaintiff supports his allegation of this policy by referencing the class action in <u>Nunez v. City of New York</u>, 11 Civ. 5845 (LTS)(JCF) (S.D.N.Y.) (Pl.'s Mem., Ex. 1 ¶¶ 38-43). The pattern of conduct that plaintiff alleges constitutes a policy here was at issue in <u>Nunez</u>, which was resolved by a consent judgment (Pl.'s Mem., Exs. A & B to Ex. 1).  That fact "add[s] further credibility to the claims alleged in the complaint." <u>White v. City of New York</u>, 13 Civ. 7421 (KPF), 2015 WL 4601121 at *8 (S.D.N.Y. July 31, 2015) (Failla, D.J.), <u>citing</u> <u>Shepherd v. Powers</u>, 11 Civ. 6860 (LTS)(RLE), 2012 WL 4477241 at *10 (S.D.N.Y. Sept. 27, 2012) (Swain, D.J.).

Thus, the City has not met its burden of showing that the <u>Monell</u> claim is futile, and so the motion to amend the Complaint to assert that claim against the City is granted.

IV.  <u>Conclusion</u>

Accordingly, for all of the foregoing reasons, the motion for leave to file an amended complaint is denied to the extent plaintiff seeks to add Castro and Perry as defendants and

is granted in all other respects.  The Clerk of the Court is

respectfully requested to close Docket Item 73.

Dated:     New York, New York
           November 23, 2016

                              SO ORDERED

                              _____
                              HENRY PITMAN
                              United States Magistrate Judge

Copies transmitted to:

All parties